IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMMY D. SMITH, ) | |
| ) | 8:04cv550 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| MARY KAY KALLAS and NEBRASKA ) | |
| DEPARTMENT OF REVENUE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 12, the Motion to Dismiss filed by the defendants, Mary Kay Kallas and the Nebraska Department of Revenue ("NDOR"). In filing no. 16, the plaintiff, Tommy D. Smith, has responded to the defendants' motion. The plaintiff has filed a "criminal complaint" against Ms. Kallas, a state revenue agent, and NDOR for garnishing the plaintiff's wages and collecting state income taxes from the plaintiff. In addition to the institution of criminal charges against the defendants, the plaintiff seeks monetary relief and an injunction permanently enjoining the defendants from further collection activity and affirmatively holding the defendants responsible for their violations of federal law. It appears from the complaint that the plaintiff believes wages do not constitute taxable income.

As the defendants point out, the complaint does not state a claim on which relief may be granted in this court. Certainly, none of the relief requested by the plaintiff may be recovered in this litigation. First, a private citizen who is not a federal prosecutor has no authority to bring criminal charges against anyone in a federal court. In addition, even if the defendants could be subject to criminal prosecution on any basis, the federal criminal

1

statutes on which the plaintiff relies do not afford him a private cause of action to recover for the alleged violation of federal law by the defendants.

Second, the plaintiff cannot recover any monetary relief in this action. He has sued an agency of the State of Nebraska and a state employee in her official capacity.[1] State sovereign immunity, as recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits the plaintiff from suing a state, state agencies or state employees in their official capacity for monetary relief, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998). See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case.

Furthermore, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Pennhurst State School & Hosp. v.Halderman, 465 U.S. 89, 99 (1984) (emphasis in original). See Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction." See also Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 39-40 (1994): "The Eleventh Amendment

---

[1]The complaint does not specify whether Ms. Kallas is sued in her individual capacity, official capacity, or both capacities. In those circumstances, the law presumes that a defendant is sued *only* in his or her official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." Accord Trevelen v. University of Minnesota, 73 F.3d 816, 818 (8th Cir. 1996): "The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens." Because the defendants share the State of Nebraska's sovereign immunity under the Eleventh Amendment, the plaintiff may not sue them in this court for monetary relief.

Third, the Tax Injunction Act ("TIA" or "Act"), 28 U.S.C. § 1341, prevents the plaintiff from obtaining injunctive or declaratory relief against the defendants in this court. 28 U.S.C. § 1341 states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Act's purposes include protecting the administration of the state's tax system and implementation of the state's tax policy. Hibbs v. Winn, 124 S. Ct. 2276, 2298 (2004). The "TIA applies to cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." Id. at 2289. See also National Private Truck Council, Inc. v. Oklahoma Tax Com'n, 515 U.S. 582, 587 (1995):

> Since the passage of § 1983, Congress and this Court repeatedly have shown an aversion to federal interference with state tax administration. The passage of the Tax Injunction Act in 1937 is one manifestation of this aversion. See 28 U.S.C. § 1341 (prohibiting federal courts from enjoining the collection of any state tax "where a plain, speedy and efficient remedy may be had in the courts of such State") .... Later, we held that the Tax Injunction Act itself precluded district courts from awarding such declaratory judgments.

The defendants point out that the plaintiff has available remedies in the state courts of Nebraska under the Nebraska Administrative Procedure Act and in an action against the

3

Tax Commissioner upon denial by the Commissioner of a timely claim for refund. The plaintiff does not deny that the state makes such remedies available. Nor does he claim to have attempted to use them. Thus, the Tax Injunction Act prohibits this court from enjoining the collection of state taxes or rendering a declaratory judgment in favor of the plaintiff.

Finally, wages are indeed income. See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) ("wages are within the definition of income under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation"), cert. denied, 510 U.S. 1193 (1994). For the foregoing reasons, the defendants' Motion to Dismiss will be granted.

THEREFORE, IT IS ORDERED:

1. That filing no. 12, the defendants' Motion to Dismiss, is granted;

2. That this action and the plaintiff's complaint are dismissed, without prejudice to reassertion in an appropriate state forum; and

2. That a separate judgment will be entered accordingly.

DATED this 5th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge